UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

NARDA MONTES DE OCA,

     Plaintiff,

vs.

LATAM AIRLINES GROUP, S.A., INC.,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NARDA MONTES DE OCA, by and through her undersigned counsel, sues the

Defendant, LATAM AIRLINES GROUP, S.A., INC. and alleges as follows:

### PARTIES

4.     Plaintiff, NARDA MONTES DE OCA, is a United States Citizen whose principal

and permanent residence is located in Coconut Creek, Florida, and is otherwise *sui juris*.

5.     Defendant, LATAM AIRLINES GROUP, S.A., INC. ("LATAM"), is a Chilean

Corporation and an international commercial air carrier conducting business in Miami-Dade

County, Florida.

6.     LATAM maintains its principal place of business in Chile, but maintains an agent

for service of process in Florida.

### JURISDICTION

7.     This is an action for damages in excess of $75,000.00, exclusive of interest, costs,

and attorneys' fees, and combined with the diverse citizenship of the parties is within the subject

matter jurisdiction of this Court pursuant to 28 U.S.C. §1332.

8.      This Court is also vested with subject matter jurisdiction under 28 U.S.C. §1331, as the transportation out of which the subject matter of this action arose was "international carriage" within the meaning of the Convention of Unification of Certain Rules for International Carriage by Air, Done at Montreal on 28 May 1999 ("Montreal Convention"), and the rights of the parties are governed by the provisions of the Montreal Convention, a treaty to which the LATAM States is a party. Specifically, this Court has jurisdiction under Article 33 (1) and (2) of the Montreal Convention.

## VENUE

9.      Venue is proper in this district, as this district serves as the commencement and departure point for Plaintiffs' international flight.

10.      Venue is proper in this district, as the Plaintiffs maintain their principal and permanent residence within this district, LATAM operates services for the carriage of passengers by air and conducts business in this district from premises leased or owned by LATAM or by another carrier with which it has a commercial agreement.

## GENERAL ALLEGATIONS

11.      On or about November 26, 2013, NARDA MONTES DE OCA boarded a LATAM Flight departing from Miami International Airport in Miami, Florida bound for Ministro Pistarini International Airport in Argentina.  The first leg of NARDA MONTES DE OCA's international flight was from Miami International Airport in Miami, Florida to Jorge Chavez International Airport in Peru. The second leg of her flight was from Jorge Chavez International Airport in Peru to Ministro Pistarini International Airport in Argentina.

12.     Upon embarking onto the aircraft for the first leg of her flight from Miami International Airport in Miami, Florida to Jorge Chavez International Airport in Peru, NARDA MONTES DE OCA located her seat.

13.     Upon entering her row of seats, a suitcase was improperly and negligently pulled from the overhead compartment by an employee of LATAM, and dropped on the neck and back of NARDA MONTES DE OCA.

14.     LATAM is a commercial air carrier engaged in the business of transportation of fare-paying passengers on regularly scheduled international flights in aircrafts owned, leased, operated, managed, maintained and/or controlled by LATAM and its agents.

## COUNT I - MONTREAL CONVENTION ARTICLE 17

Plaintiff re-alleges and readopts paragraphs one (1) through fourteen (14) as if fully set forth herein and further alleges:

15.     At all times material hereto, the subject aircraft was operated under the ownership, direction, control, supervision and instruction of LATAM, by and through its authorized crewmembers, employees, servants, officers and/or agents acting in the scope of their agency or employment.

16.     Under Article 17 of the Montreal Convention, Defendant has a duty to provide safe passage to its passengers and is liable for bodily injury and damages suffered by a passenger on board the aircraft.

17.     While on board the LATAM Flight, NARDA MONTES DE OCA was injured when a suitcase was improperly pulled from the overhead compartment by a LATAM employee and dropped on NARDA MONTES DE OCA's neck and back.

18.     LATAM breached this duty by, among other negligent actions, failing to maintain the aircraft in a reasonably safe condition, and failing to provide safe passage to NARDA MONTES DE OCA.

19.     As a direct and proximate result of the acts and/or omissions of LATAM, through its employee, NARDA MONTES DE OCA, suffered an "accident" within the meaning of Article 17 of the Montreal Convention.

20.     The accident was caused by the negligent failure of LATAM's agents and/or employees to maintain the aircraft in a reasonably safe condition, to wit: failing to properly secure all luggage during the LATAM Flight.

21.     Under Article 17 of the Montreal Convention, LATAM is strictly liable for the accident without regard to its own fault and is obligated to pay full, fair and reasonable damages to Plaintiffs.

22.     As a direct and proximate result of the accident, NARDA MONTES DE OCA sustained serious injuries, physical and mental pain and suffering, grief, anguish, inability to lead a normal life, loss of earnings in the past and in the future, loss of earning capacity, and further incurred medical bills and other expenses as a result of said injuries, which are permanent or continuing and NARDA MONTES DE OCA will suffer these losses in the future.

## COUNT II - NEGLIGENCE

Plaintiff re-alleges and readopts Paragraphs one (1) through twenty-two (22) as if set forth fully herein and further alleges:

23.     At all times material hereto, the subject aircraft was operated under the ownership, direction, control, supervision and instruction of LATAM, by and through its

authorized crewmembers, employees, servants, officers and/or agents acting in the scope of their agency or employment.

24.     As a common carrier, LATAM owed a duty to its passengers and in particular to Plaintiff, to provide carriage with the highest degree of care, to exercise the highest degree of care to prevent injury of any kind, and to maintain its aircraft in a safe condition.

25.     LATAM by and through its authorized crewmembers, employees, servants, officers, and/or agents acting in the scope of their agency or employment in the ownership, use, operation, training, control, inspection, repair, maintenance and servicing of the subject aircraft failed to take all necessary measures to avoid the subject accident.

26.     LATAM committed the following acts or omissions which demonstrate that it failed to take all necessary measures to avoid the subject accident and breached its duty of care:

   a) Failing to exercise due care in the storage, handling, and removal of all luggage items;

   b) Failing to provide its passengers with a safe means to sit in their designated seat;

   c) Failing to warn passengers of known dangers by failing to correct the known dangerous condition;

   d) Failing to exercise the degree of care required under the circumstances;

   e) Otherwise being negligent.

27.     As a direct and proximate result of the accident, NARDA MONTES DE OCA sustained serious injuries, physical and mental pain and suffering, grief, anguish, inability to lead a normal life, loss of earnings in the past and in the future, loss of earning capacity, and further incurred medical bills and other expenses as a result of said injuries, which are permanent or continuing and NARDA MONTES DE OCA will suffer these losses in the future.

WHEREFORE, Plaintiff, NARDA MONTES DE OCA, respectfully requests that this Court enter a judgment against Defendant, LATAM AIRLINES GROUP, S.A., INC., for damages together with interest and costs of this suit, along with any other and further relief as this Court may deem just, equitable and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right.

 Dated: <u>November 11, 2015</u>

 

**RUBENSTEIN LAW, P.A.**
Attorneys for the Plaintiff
9155 South Dadeland Boulevard
Suite 1600
Miami, Florida 33156
Tel: (305) 661-6000
Fax: (786) 230-2916
Email:  MFAgrait@rubensteinlaw.com
      vsavinon@rubensteinlaw.com
      eservice@rubensteinlaw.com

By:    /s/ *Miriam Fresco Agrait*
       **MIRIAM FRESCO AGRAIT**
       Florida Bar No.: 91428